FORM 104 (10/06)

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER** (Court Use Only)

**PLAINTIFFS**
R. Todd Neilson, Chapter 7 Trustee

**DEFENDANTS**
Integrated Mechanical Systems, Inc., a California corporation

RECEIVED
JAN 19 2007
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
JOHN N. TEDFORD, IV
DANNING, GILL, DIAMOND & KOLLITZ, LLP
2029 Century Park East, Third Floor
Los Angeles, CA 90067
(310) 277-0077

**ATTORNEYS** (If Known)

**PARTY** (Check One Box Only)
[ ] Debtor  [ ] U.S. Trustee/Bankruptcy Admin
[ ] Creditor  [ ] Other
[X] Trustee

**PARTY** (Check One Box Only)
[ ] Debtor  [ ] U.S. Trustee/Bankruptcy Admin
[ ] Creditor  [X] Other
[ ] Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Avoidance and recovery of preferential transfers (11 USC 547 and 550)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[X] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce/sep property settlement/decree
[ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
[ ] 71-Injunctive relief – reinstatement of stay
[ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

[ ] Check if this case involves a substantive issue of state law
[ ] Check if a jury trial is demanded in complaint
[ ] Check if this is asserted to be a class action under FRCP 23
Demand $ 182,394

**Other Relief Sought**

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

**NAME OF DEBTOR**
PECK/JONES CONSTRUCTION CORPORATION

**BANKRUPTCY CASE NO.**
LA 04-35757-VZ

**DISTRICT IN WHICH CASE IS PENDING**
CENTRAL

**DIVISIONAL OFFICE**

**NAME OF JUDGE**
ZURZOLO

B104

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) *[signature: John Tedford IV]* | | |
| DATE 1/19/07 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) JOHN N. TEDFORD, IV | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties.** Give the names of the parties to the adversary proceeding exactly as they appear on the complaint. Give the names and addresses of the attorneys if known.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone and Fax Number, and CA State Bar Number | FOR COURT USE ONLY |
|---|---|
| JOHN N. TEDFORD, IV<br>DANNING, GILL, DIAMOND & KOLLITZ, LLP<br>2029 Century Park East, Third Floor<br>Los Angeles, California 90067-2904<br><br>Telephone: 310) 277-0077<br>Fax No.: (310) 277-5735<br>Bar No.: 205537<br>*Attorney for Plaintiff* R. TODD NEILSON, CHAPTER 7 TRUSTEE | RECEIVED<br>JAN 19 2007<br>CLERK, U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY_____ Deputy Clerk |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: PECK/JONES CONSTRUCTION CORPORATION | CHAPTER 7 |
|---|---|
| | CASE NUMBER   LA 04-35757-VZ |
| Debtor. | ADVERSARY NUMBER |
| R. TODD NEILSON, CHAPTER 7 TRUSTEE<br><br>vs.                                           Plaintiff(s),<br>Integrated Mechanical Systems, Inc., a California corporation<br>                                           Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

**Hearing Date:**          **Time:**          **Courtroom:**          **Floor:**

☐ 255 East Temple Street, Los Angeles          ☐ 411 West Fourth Street, Santa Ana

☐ 21041 Burbank Boulevard, Woodland Hills     ☐ 1415 State Street, Santa Barbara

☐ 3420 Twelfth Street, Riverside

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

By: _____
**Deputy Clerk**

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Revised December 1998 (COA-SA)                                                                                               F 7004-1

```
GEORGE E. SCHULMAN (State Bar No. 064572)
JOHN N. TEDFORD, IV (State Bar No. 205537)
DANNING, GILL, DIAMOND & KOLLITZ, LLP
2029 Century Park East, Third Floor
Los Angeles, California 90067-2904
Telephone:  (310) 277-0077
Facsimile:  (310) 277-5735

Attorneys for R. Todd Neilson,
Chapter 7 Trustee
```

FILED
JAN 1 9 2007
CLERK, U.S BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Case No. LA 04-35757-VZ |
| PECK/JONES CONSTRUCTION CORPORATION, | Chapter 7 |
| Debtor. | |
| R. TODD NEILSON, CHAPTER 7 TRUSTEE, | Adv. No. _____ |
| Plaintiff, | **COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS** |
| vs. | |
| INTEGRATED MECHANICAL SYSTEMS, INC., a California corporation, | |
| Defendant. | |

Plaintiff R. Todd Neilson, Chapter 7 trustee for the estate of Peck/Jones Construction Corporation (the "Debtor"), alleges as follows:

-1-

303753.01 [XP] 24132

## JURISDICTION AND CASE BACKGROUND

1. The within bankruptcy case was commenced on or about December 14, 2004 (the "Petition Date"), when certain parties filed an involuntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Code").

2. The Bankruptcy Court entered its Order for Relief in the Debtor's bankruptcy case on or about January 21, 2005. Thereafter R. Todd Neilson accepted appointment as the Chapter 7 trustee for the Debtor's estate.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4. This action is commenced pursuant to Federal Rule of Bankruptcy Procedure 7001.

5. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F) and (O).

## THE PARTIES

6. Plaintiff brings this action solely in his capacity as Chapter 7 trustee for the Debtor's estate.

7. Plaintiff is informed and believes, and based thereon alleges, that Defendant Integrated Mechanical Systems, Inc. (the "Defendant") is, and at all times herein mentioned was, a corporation operating under and by virtue of the laws of the State of California.

303753.01 [XP] 24132

**GENERAL ALLEGATIONS**

8. Plaintiff is informed and believes, and based thereon alleges, that prior to the Petition Date the Debtor was a general contractor in connection with large construction projects.

9. Section 101(54) of the Code applicable to this case defines the term "transfer" as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption."

10. Plaintiff is informed and believes, and based thereon alleges, that the Debtor made transfers to the Defendant totaling no less than $182,393.90, including but not limited to the transfers identified in Exhibit "A" attached hereto and incorporated herein by this reference (the "Subject Transfers").

**FIRST CLAIM FOR RELIEF**

(To Avoid and Recover Preferential Transfers)

(11 U.S.C. §§ 547 and 550)

11. Plaintiff incorporates by this reference his allegations in paragraphs 1 through 10, inclusive.

12. Plaintiff is informed and believes, and based thereon alleges, that each of the Subject Transfers constituted a transfer of an interest of the Debtor in property to the Defendant.

13. Plaintiff is informed and believes, and based thereon alleges, that each of the Subject Transfers was made to or for the benefit of the Defendant as a creditor of the Debtor.

-3-

303753.01 [XP] 24132

14. Plaintiff is informed and believes, and based thereon alleges, that each of the Subject Transfers was made for or on account of an antecedent debt owing by the Debtor to the Defendant before such Subject Transfer was made.

15. Plaintiff is informed and believes, and based thereon alleges, that the Debtor made each of the Subject Transfers while the Debtor was insolvent.

16. Plaintiff is informed and believes, and based thereon alleges, that each of the Subject Transfers was made within 90 days prior to the Petition Date.

17. Plaintiff is informed and believes, and based thereon alleges, that the Subject Transfers enabled the Defendant to receive more than the Defendant would receive the transfer had not been made and the Defendant instead received payment on its claim only to the extent provided by Chapter 7 of the Code.

18. Pursuant to Section 547(b) of the Code, Plaintiff may avoid the Subject Transfers.

19. Pursuant to Section 550 of the Code, Plaintiff may recover from the Defendant the value of the property transferred under the Subject Transfers, plus interest thereon at the maximum legal rate from and after the date of each Subject Transfer, in a sum according to proof, which Plaintiff believes to be not less than $182,393.90.

WHEREFORE, the Trustee prays for judgment as follows:

1. For judgment in favor of the Plaintiff and against the Defendant avoiding the Subject Transfers and awarding damages in

-4-

1 | favor of the Plaintiff against the Defendant in a sum subject to
2 | proof, but in any event no less than $182,393.90.
3 |     2.    For an award of interest at the legal rate on all
4 | damages and sums awarded to Plaintiff from the date of the
5 | respective Subject Transfers.
6 |     3.    For costs of suit incurred;
7 |     4.    For such other relief as the Court deems just and
8 | proper.

Dated: January 19, 2007        DANNING, GILL, DIAMOND & KOLLITZ, LLP

                               By: _____
                                   John N. Tedford, IV
                                   Attorneys for Plaintiff R. Todd
                                   Neilson, Chapter 7 Trustee

-5-

303753.01 [XP] 24132

EXHIBIT "A"

Integrated Mechanical Systems, Inc.

| | |
|---|---|
| 09/20/04 | $ 29,481.61 |
| 09/29/04 | 46,458.00 |
| 10/01/04 | 10, 650.72 |
| 10/07/04 | 2,754.86 |
| 10/12/04 | 29, 832.62 |
| 10/13/04 | 40,593.75 |
| 10/14/04 | 22,622.34 |
| **TOTAL** | **$ 182,393.90** |