```
 1  GEORGE E. SCHULMAN (State Bar No. 064572)
    FRANK X. RUGGIER (State Bar No. 198863)
 2  JOHN N. TEDFORD, IV (State Bar No. 205537)
    DANNING, GILL, DIAMOND & KOLLITZ, LLP
 3  2029 Century Park East, Third Floor
    Los Angeles, California 90067-2904
 4  Telephone:  (310) 277-0077
    Facsimile:  (310) 277-5735
 5
    Attorneys for Plaintiff R. Todd Neilson, Chapter 7 Trustee
 6
 7
 8                UNITED STATES BANKRUPTCY COURT
 9                CENTRAL DISTRICT OF CALIFORNIA
10                     LOS ANGELES DIVISION
11
12  In re                              ) Case No. 2:04-35757-VZ
                                       )
13  PECK/JONES CONSTRUCTION            ) Chapter 7
    CORPORATION,                       )
14                                     )
            Debtor.                    )
15  _____    )
                                       )
16  R. TODD NEILSON, CHAPTER 7 TRUSTEE,) Adv. No. 2:07-01050-VZ
                                       )
17          Plaintiff,                 ) STIPULATION SETTING DEADLINES
                                       ) RELATING TO EXPERT DISCOVERY,
18      vs.                            ) AND CONTINUING PRE-TRIAL
                                       ) CONFERENCE
19  INTEGRATED MECHANICAL SYSTEMS,     )
    INC., a California corporation,    ) CURRENT PRE-TRIAL CONFERENCE
20                                     ) Date:    March 27, 2008
            Defendant.                 ) Time:    11:00 a.m.
21                                     )
                                       ) PROPOSED PRE-TRIAL CONFERENCE
22                                     ) Date:    August 21, 2008
                                       ) Time:    11:00 a.m.
23                                     ) Place:   Courtroom 1368
                                       )          255 E. Temple St.
24  _____    )          Los Angeles, CA
25
26
27
28

318615.03 [XP]    24132
```

1  Plaintiff R. Todd Neilson, Chapter 7 trustee (the "Trustee") for the estate of Peck/Jones
2  Construction Corporation (the "Debtor"), and Defendant Integrated Mechanical Systems, Inc.
3  ("IMS"), by and through counsel, hereby request that the Court approve the within stipulation of
4  the parties.
5
6  **STIPULATION**
7  WHEREAS, on or about December 14, 2004 (the "Petition Date"), an involuntary Chapter
8  7 petition for relief was filed against the Debtor;
9  WHEREAS, on or about January 21, 2005, the Court entered its Order for Relief in the
10  Debtor's bankruptcy case;
11  WHEREAS, the Trustee accepted appointment as the Chapter 7 trustee for the Debtor's
12  estate and continues to serve in such capacity for the benefit of creditors;
13  WHEREAS, on or about January 19, 2007, the Trustee filed his Complaint to Avoid and
14  Recover Preferential Transfers (the "Complaint") with the Court against IMS;
15  WHEREAS, on or about June 27, 2007, IMS filed an answer to the Complaint;
16  WHEREAS, on or about August 8, 2007, the Court entered its scheduling order in this
17  adversary proceeding providing, among other things, that (a) the date for the parties to complete
18  discovery was December 31, 2007, (b) the date by which pre-trial motions were to be heard was
19  January 31, 2008, and (c) a pre-trial conference would take place on March 6, 2008, at 11:00 a.m.;
20  WHEREAS, because the Court will be dark on March 6, 2008, the Court has continued the
21  pre-trial conference to March 27, 2008, at 11:00 a.m.;
22  WHEREAS, on December 10, 2007, the Court held status conferences in connection with a
23  number of other preference actions filed by the Trustee against defendants who were subcontractors
24  on construction projects where the Debtor was the general contractor prior to the Petition Date;
25  WHEREAS, at the status conferences held on December 10, 2007, in light of the assertion
26  by a number of the defendants that they are entitled to a defense to the Trustee's preference claims
27  under 11 U.S.C. § 547(c)(2), the Court set uniform deadlines relating to expert discovery and also
28  set pre-trial conferences on certain dates proposed by the Trustee, which dates were chosen by the

318615.03 [XP]    24132

Trustee's counsel (and agreed to by the defendants' counsel) in an effort to formulate a pre-trial and trial schedule that would be manageable to the Trustee and the Court given the number of preference actions that were at that time still pending;

WHEREAS, one of the preference actions that was pending on December 10, 2007, was the within adversary proceeding against IMS, for which a status conference was not held on December 10, 2007, because it was on a different "track" than most of the other adversary proceedings;

WHEREAS, at the time of the status conference on December 10, 2007, in the Trustee's adversary proceeding against Pacific West Mechanical, Inc. (Adv. No. 2:07-01036-VZ), which is represented by the same counsel that represents IMS in this adversary proceeding, counsel for the Trustee and IMS agreed that the parties would stipulate to the establishment of the same dates and deadlines in this adversary proceeding that the Court set in the Pacific West Mechanical adversary proceeding, and advised the Court accordingly;

WHEREAS, pursuant to such agreement, on February 15, 2008, IMS served a designation of its experts whose testimony IMS intends to offer in this adversary proceeding; and

WHEREAS, pursuant to such agreement, the Trustee intends to serve a designation of his expert on March 6, 2008, but has requested, and IMS has graciously agreed to give, an additional four weeks to serve his experts' report.

**WHEREFORE, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:**

1. The date by which the Trustee shall designate his expert pursuant to Federal Rule of Civil Procedure 26(a)(2) shall be March 6, 2008. The date by which the Trustee shall serve his expert report pursuant to Federal Rule of Civil Procedure 26(a)(2) shall be April 3, 2008.

2. The date by which the parties shall complete expert-related discovery conducted pursuant to Federal Rule of Civil Procedure 26(b)(4) shall be May 13, 2008, which date is four weeks after the date on which the parties originally agreed.

3. The last date by which pre-trial motions relating to expert discovery shall be heard is June 27, 2008, which is the same date on which the parties originally agreed.

4. The date by which the parties must file a Pre-Trial Stipulation and Order shall be August 7, 2008, which is the same date on which the parties originally agreed.

-3-

318615.03 [XP]    24132

5.   The date and time of the pre-trial conference shall be August 21, 2008, at 11:00 a.m., which is the same date on which the parties originally agreed.

Dated: March 5, 2008          DANNING, GILL, DIAMOND & KOLLITZ, LLP

By: _____
John N. Tedford, IV
Attorneys for Plaintiff R. Todd Neilson,
Chapter 7 Trustee

Dated: March 5, 2008          GLADYCH & ASSOCIATES

By: _____
Randall S. Gunitzky
Attorneys for Defendant Integrated
Mechanical Systems, Inc.

-4-

318615.03 [XP]    24132

**PROOF OF SERVICE**

I, Cindy Cripe, declare:

I am employed by the law firm of DANNING, GILL, DIAMOND & KOLLITZ, LLP, in the County of Los Angeles, State of California. I am employed in the office of a member of the bar of this court at whose direction the service was made. I am over the age of 18 years and am not a party to the within action. My business address is 2029 Century Park East, Third Floor, Los Angeles, California 90067-2904.

On March 6, 2008, I served the following document(s): **STIPULATION SETTING DEADLINES RELATING TO EXPERT DISCOVERY, AND CONTINUING PRE-TRIAL CONFERENCE**

on the interested parties addressed as follows:

Attorneys for Integrated Mechanical, Systems, Inc.
Randall S. Guritzky, Esq.
Gladych & Associates
1400 Bristol Street North, Suite 270
Newport Beach, CA 92660

(By Mail) I placed the document for collection and deposit in the mail. I am familiar with this firm's practice for the collection and processing of correspondence for mailing. Under that practice, the document would be placed in a sealed envelope and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at 2029 Century Park East, Third Floor, Los Angeles, California 90067-2904, in the ordinary course of business. The documents served were placed in sealed envelopes and placed for collection and mailing following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct.

Executed on March 6, 2008, at Los Angeles, California.

_Cindy Cripe_                                                    _/s/ Cindy Cripe_
(Type or print name)                                             (Signature)

-5-

318615.03 [XP]    24132