GEORGE E. SCHULMAN (State Bar No. 064572)
JOHN N. TEDFORD, IV (State Bar No. 205537)
AARON E. DE LEEST (State Bar No. 216832)
DANNING, GILL, DIAMOND & KOLLITZ, LLP
2029 Century Park East, Third Floor
Los Angeles, California 90067-2904
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Plaintiff R. Todd Neilson, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>PECK/JONES CONSTRUCTION CORPORATION,<br><br>    Debtor.<br>_____<br>R. TODD NEILSON, CHAPTER 7 TRUSTEE,<br><br>    Plaintiff,<br><br>    vs.<br><br>INTEGRATED MECHANICAL SYSTEMS, a California corporation,<br><br>    Defendant. | Case No. 2:04-35757-VZ<br><br>Chapter 7<br><br><br><br><br>Adv. No. 2:07-01050-VZ<br><br>**TRUSTEE'S REPLY IN SUPPORT OF HIS MOTION IN LIMINE FOR AN ORDER EXCLUDING CERTAIN TRIAL WITNESSES AND/OR EXPERT TESTIMONY FROM CERTAIN TRIAL WITNESSES**<br><br>Date: December 11, 2008<br>Time: 11:00 a.m.<br>Place: Courtroom 1368<br>        255 E. Temple St.<br>        Los Angeles, CA |

-1-

331635.01 [XP]    24132

Plaintiff R. Todd Neilson, Chapter 7 trustee (the "Trustee" or "Plaintiff") for the estate of Peck/Jones Construction Corporation (the "Debtor") hereby replies to the oppositions[1] to his motion to exclude the use of certain expert witness and/or expert testimony at trial in the seven pending non-insider preference-related adversary proceedings (the "Motion").

## I.

## INTRODUCTION

The Trustee's Motion seeks to exclude expert testimony in the seven non-insider preference-related adversary proceedings (the "Related Adversary Proceedings") currently pending before this Court[2] relating to the objective element[3] in the defendants' ordinary course defense. As discussed in the Motion, defendants American Technologies, Inc. ("ATI"), D & M Steel ("D&M"), Integrated Mechanical Systems ("IMS"), and DMG Corporation ("DMG") have designated experts and defendants Malcolm Drilling Co. ("Malcolm"), Weiss Sheet Metal ("Weiss"), and Western Allied ("Western") have not designated any experts.

With respect to defendants ATI, D&M, IMS, and DMG, the question, with respect to their ordinary course defense, is: what is the industry standard where a general contractor is required to pay his suppliers and subcontractors within a specified time after it receives payment from the project owner. The answer to this question is a <u>specific number</u> of days that can only be determined by doing an analysis of the particular industry and determining the average number and range of days in which such payment would occur. Here, however, none of the offered experts

---

[1] To date, the Trustee has only received oppositions to his Motion from defendants American Technologies, DMG Corporation, Integrated Mechanical Systems and Malcolm Drilling Co. The D&M Steel opposition was not served on the Trustee or his counsel and was only received by the Trustee's counsel on December 4, 2008, after requesting it from opposing counsel. The document on PACER filed by D&M Steel shows no proof of service at all.

[2] The Related Adversary Proceedings are <u>Neilson v. American Technologies, Inc.</u> (2:07-01058-VZ), <u>Neilson v. D & M Steel</u> (2:07-01060-VZ), <u>Neilson v. DMG Corporation</u> (2:07-01034-VZ), <u>Neilson v. Integrated Mechanical Systems</u> (2:07-01050-VZ), <u>Neilson v. Malcolm Drilling Co.</u> (2:07-01048-VZ), <u>Neilson v. Weiss Sheet Metal</u> (2:07-01026-VZ), and <u>Neilson v. Western Allied</u> (2:07-01035-VZ).

[3] The Trustee does not seek to exclude testimony from those witnesses who, as insiders of the defendants, seek to testify as to the subjective element of the defendants' ordinary course defense.

-2-

have attempted to do this analysis. Instead, the purported experts seek to ruminate on their experience in the construction industry to determine the particular industry standard. The Court should not permit such ruminations based on the general opinion of the purported experts. Instead, the Court should, as the gate keeper for such expert evidence, admit only such expert evidence that meets the standards set forth in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) and <u>Kumho Tire Co., Ltd. v. Carmichael</u>, 526 U.S. 137 (1999). In this case, the matter to which the experts seek to testify are capable of mathematical calculation, yet no expert has done the math.

With respect to defendants Malcolm, Weiss, and Western, the deadline to designate experts has passed and the Court should not permit them to designate any experts now.

## II.

## ARGUMENT

The opposition of Defendants' ATI, IMS, and DMG all essentially argue that the Trustee has not set forth the correct standard by which the Court should evaluate their experts.[4] However, the defendants are mistaken. The Trustee does not contend that the <u>Daubert</u> factors are to be exclusively applied in every instance. <u>Kumho</u> is clear that, although the basic gate keeping obligation of <u>Daubert</u> applies to all expert testimony, those factors are not definitive. <u>Kumho Tire Co., Ltd. v. Carmichael</u>, 526 U.S. 137, 150-151 (1999). Here, the experts have been designated to testify in support of the objective prong of defendants' ordinary course affirmative defense as set forth in 11 U.S.C. § 547(c)(2)(C). That is, what is the ordinary course of business in the construction industry between the obligation to pay and payment. In the Peck/Jones case, the contracts contain the typical "pay when paid" formulation; the contractor is not obligated to pay the subcontractors until the contractor is paid by the owner. We know that state law requires payment under such circumstances within 10 days. <u>Cal. Bus. & Prof. Code</u> §7108.5. The contractor and subcontractor can vary this deadline, and generally did so, extending the payment deadline to 30 days. Owners have an interest in knowing that their contractor has paid the subcontractors it is

---

[4] ATI Opposition at p. 8, IMS Opposition at p. 6, DMG Opposition at p. 4-5, and D&M Steel Opposition at p. 6-7.

-3-

331635.01 [XP]    24132

using because payment eliminates the risk of mechanics liens. Some of the contracts with the owners even require the Debtor to pay its subcontractors by a date certain after the Debtor is paid, and none allows payment more than 30 days after the Debtor is paid. Every single payment at issue in the seven preference cases filed by the Trustee was made more than 30 days after the Debtor was paid by the project owners. Thus, every single challenged payment was made by the Debtor in breach of its contractual and statutory duties.[5]

The Trustee does not believe further analysis is necessary, since the parties have statutory and contractual deadlines for payment. However, if one wishes to go further in the analysis, the question presented is what is the average and range of days between the dates when a general contractor with "pay when paid" subcontracts is paid by the project owner and when the general contractor pays its subcontractors. This is a pure mathematical calculation. Yet none of the experts identified by any of the defendants have done this math, not even for their own client, let alone the industry. They just want to testify based upon years of experience that payments as late as 45 days or 60 days (or at any time) after the general contractor was paid by the project owner is within the ordinary course of business.[6] Within the Daubert framework, that is exactly what is to be prohibited; untested hypothesis masquerading as evidence. The Trustee submits that such evidence is unreliable and not supported by Daubert, Kumho or their progeny.

With respect to defendant Malcolm, Malcolm's opposition seeks to be relieved from its failure to timely disclose an expert witness. As the Trustee pointed out in his Motion, the deadline for all defendants, except D&M, to designate experts and serve any expert reports was February 15, 2008. Malcolm did not designate an expert timely, or otherwise. Accordingly, Malcolm should

---

[5] DMG's factual situation is more convoluted, but it is uncontested that after the Debtor was paid by the owner with respect to DMG's invoices, months passed before DMG was paid.

[6] ATI also appears to offer evidence of the number of days between when it invoiced the Debtor and when the Debtor paid on such invoice, even though the Debtor had no obligation to pay ATI until it was paid by the owner. However, ATI's expert has not done the math measuring from those points.

-4-

1  not now be permitted to designate an expert witness or participate in the use of a court appointed
2  expert witness if the Court so requires.

### III.

### CONCLUSION

For the foregoing reasons, the Trustee requests that the Court exclude the testimony of the purported experts designated by defendants ATI, D&M, IMS, and DMG. The Trustee further requests that the Court exclude any expert testimony from defendants Malcolm, Weiss, and Western that did not designate any expert. The Trustee prays for all other appropriate relief.

Dated: December 4, 2008

DANNING, GILL, DIAMOND & KOLLITZ, LLP

By: _____
Aaron E. de Leest
Attorneys for Plaintiff R. Todd Neilson,
Chapter 7 Trustee

331635.01 [XP]      24132

# **PROOF OF SERVICE**

I, Martha Gonzalez, declare:

I am employed by the law firm of DANNING, GILL, DIAMOND & KOLLITZ, LLP, in the County of Los Angeles, State of California. I am employed in the office of a member of the bar of this court at whose direction the service was made. I am over the age of 18 years and am not a party to the within action. My business address is 2029 Century Park East, Third Floor, Los Angeles, California 90067-2904.

On December 4, 2008, I served the following document(s):

**TRUSTEE'S REPLY IN SUPPORT OF HIS MOTION IN LIMINE FOR AN ORDER EXCLUDING CERTAIN TRIAL WITNESSES AND/OR EXPERT TESTIMONY FROM CERTAIN TRIAL WITNESSES**

on the interested parties addressed as follows:

<u>Attorneys for Integrated Mechanical Systems</u>
Randall S. Guritzky, Esq.
Gladych & Associates
1400 Bristol Street North, Suite 270
Newport Beach, CA 92660

(By Mail) I placed the document for collection and deposit in the mail. I am familiar with this firm's practice for the collection and processing of correspondence for mailing. Under that practice, the document would be placed in a sealed envelope and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at 2029 Century Park East, Third Floor, Los Angeles, California 90067-2904, in the ordinary course of business. The documents served were placed in sealed envelopes and placed for collection and mailing following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct.

Executed on December 4, 2008, at Los Angeles, California.

Martha Gonzalez                                     /s/ Martha Gonzalez
(Type or print name)                                (Signature)

-6-

331635.01 [XP]    24132