ORIGINAL

GLADYCH & ASSOCIATES, INC.
John A. Gladych, Esq., Bar No. 139254
Randall S. Guritzky, Esq., Bar No. 119784
1400 Bristol Street North, Suite 270
Newport Beach, CA 92660
Tel: (949) 442-8942
FAX: (949) 442-8949

Attorneys for Defendant, INTEGRATED MECHANICAL SYSTEMS, INC.

FILED
JUL 13 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>PECK/JONES CONSTRUCTION CORPORATION,<br><br>Debtor.<br>______________________________<br><br>R. TODD NEILSON, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>vs.<br><br>INTEGRATED MECHANICAL SYSTEMS, INC., a California corporation,<br><br>Defendants. | CASE NO. LA 04-35757-VZ<br><br>Chapter 7<br><br>Adv. No. 07-01050-VZ<br><br>**NOTICE OF OBJECTION TO PLAINTIFF'S DESIGNATION OF THE DEPOSITION TRANSCRIPT OF COURT APPOINTED EXPERT LONNIE ANDREWS**<br><br>**TRIAL: October 20, 21 & 22, 2009**<br>**TIME: 9:30 A.M**<br>**ROOM: 1368** |

Defendant, INTEGRATED MECHANICAL SYSTEMS, INC. ("Defendant") objects to Plaintiff's Notice of Designation of Deposition Transcript of Court Appointed Expert Lonnie Andrews as follows:

1. Page 11:15-20: Objection, Irrelevant, Federal Rules of Evidence (FRE) Rules 402,





403.

2. Page 115:20 - 116:14: Objection, Irrelevant (FRE 402, 403), vague and ambiguous, incomplete hypothetical (FRE 703).

3. Page 118: 2-9: Objection, Irrelevant (FRE 402, 403), vague and ambiguous, lacks foundation, incomplete hypothetical (FRE 703).

4. Attached hereto as Exhibit "A" are true and correct copies of the relevant pages in question, with the objections duly noted in the margins next to the cited testimony.

Defendant respectfully requests that the court exclude the testimony referenced herein.

DATED: July 9, 2009.

GLADYCH & ASSOCIATES, INC.

By:____________________________
RANDALL S. GURITZKY, Esq.
Attorneys for Defendant, INTEGRATED MECHANICAL SYSTEMS, INC.





## CERTIFICATE OF SERVICE

I, the undersigned, certify and declare:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 1400 Bristol Street North, Suite 270, Newport Beach, California 92660.

On **July** 13, **2009**, I served the following document(s): **DECLARATION OF RANDALL S. GURITZKY RE PORTIONS OF DEPOSITION TRANSCRIPT OF COURT APPOINTED EXPERT, LONNIE ANDREWS, FOR TRIAL; AND LODGEMENT THEREOF,** on the interested parties in this action by placing a true and correct copy of each document thereof, enclosed in a sealed envelope, addressed as follows:

**SEE ATTACHED SERVICE LIST**

**( ✓ ) By Mail:** I am readily familiar with Gladych & Associates, Inc.'s business practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Newport Beach, California.

**(_) By Personal Service:** I caused such document(s) to be delivered by hand to the parties and at the address(es) indicated on the attached service list.

**(_) By Overnight Courier:** I caused the above-referenced document(s) to be delivered to an overnight courier service (Federal Express) for delivery to the address(es) as indicated on the attached Service List.

**( ) By Facsimile Machine:** I caused the above-referenced document(s) to be transmitted during normal business hours from FAX number(s) 949-442-8946/9 to the persons and at the FAX number(s) for each party indicated on the attached Service List. FAX Transmission Report(s) confirming successful transmission were received for each such party.

Executed on July 13, 2009, at Newport Beach, California.

( ) **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**( ✓ ) (Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Janelle James

JANELLE JAMES

**In re PECK/JONES CONSTRUCTION CORP., Debtor/Neilson v. Integrated Mechanical Systems, Inc.**
US BK Case No. LA 04-35757-VZ; Adv. No. 07-01050-VZ

## SERVICE LIST

| | |
|---|---|
| John N. Tedford IV, Esq.<br>DANNING, GILL, DIAMOND & KOLLITZ, LLP<br>2029 Century Park East, 3rd Floor<br>Los Angeles, CA 90067<br>Tel: (310) 277-0077<br>Fax: (310) 277-5735 | Attorneys for Plaintiff |

United States Trustee
Office of the U.S. Trustee
725 S. Figueroa Street, 26th Floor
Los Angeles, CA 90017





# EXHIBIT A

Again, I don't -- most of that is -- I get the report. I don't necessarily deal with the actual sub requests or request to the owner for payment currently. I did in the past. I don't do that currently.

Q And those reports, do those reports that you are referring to state whether or not you've received payment from the owner, for example?

A Yes.

Q Okay. And then those reports also show if payment has been made to the sub or you ask for authorization to pay the sub?

A The report typically shows the status of those payments of those subs and the ability to release them when we receive payment from the owner.

Q All right. Are you involved in the decision-making process as to when to pay the subs?

A No. That's automatic. When we receive it, it automatically goes out within five to ten days. Everything is already in the books, what's been approved.

Q Are you also involved with drafting the contracts with the subs or the so-called "letting" the contracts with the sub, if you understand what that means?

A Absolutely.

Δ OBJECTION - irrelevant

π

EXHIBIT 9 PAGE 1

THE WITNESS: Same answer, less than 20 days. This is in 204 (sic).

BY MR. SCHULMAN:

Q Let's talk about your experiences at the businesses that you work at, at both Pankow and Centex. These are the businesses you've worked at in California; is that right, sir?

A Correct.

Q Let's assume that you have submitted a bill to the owner which includes work done by the subcontractor.

Do you have that in mind, sir?

A Yes.

Q And you've carefully checked it to make sure all the paperwork is there and the owner is satisfied that you've done your job and all the necessary paperwork is there.

Do you have that in mind, sir?

A Yes.

Q And the owner pays you.

From the time that Pankow or Centex deposited the check into its account, how long does it take Pankow now and how long did it take Pankow or Centex earlier to pay the subcontractors?

MR. FEUERBACHER: Objection. Incomplete hypothetical.

MR. GURITZKY: Vague and ambiguous.
MR. GALLOWAY: Join.
THE WITNESS: Today's world we're actually making payments in five to seven days because it's all electronic. It's -- basically, it's released -- wired to the subs.
In 204 (sic) -- I'm trying to think of a specific project that I was on in 204 (sic).

OBJECTION - irrelevant, vague ambiguous, incomplete hypothetical

BY MR. SCHULMAN:
Q I made a list. I took down the dates that you gave us. Would that help?
A Nope. I know which ones.
Again, less than 20 days. It was typically shorter than that.
Q Do you have any opinion or understanding of what would happen if a general contractor in 2004 received payment for the work performed by the subcontractor and didn't pay that subcontractor in the less than 20 days you estimate? What would the owner do? Would the owner know?
MR. GURITZKY: Objection. Vague and ambiguous. Incomplete hypothetical.
~~MR. CANTOR: Objection. Lack of foundation~~ that he has any knowledge of what an owner would do since he's never worked for an owner.

Δ

π

π

BY MR. SCHULMAN:

Q But at the 30-day point an owner would know that payments had not been made to subs?

MR. GURITZKY: Same group of objections.

MR. GALLOWAY: Join.

MR. FEUERBACHER: Join.

MR. CANTOR: Join.

THE WITNESS: If the owner was requiring unconditional (sic) for the previous pay period, yes.

MR. SCHULMAN: May I suggest for the future that we stipulate that any objection that's made that everybody has joined in it so the people wouldn't feel the need to do so?

MR. ALTSHULER: Good suggestion.

MR. GALLOWAY: Unless we specifically opt out of the objection, yes.

MR. SCHULMAN: I'm concerned about our court reporter trying to track every voice.

MR. ALTSHULER: If I disagree with the objection, am I suppose to say "I disagree" and don't join?

MR. SCHULMAN: Right.

MR. ALTSHULER: I will do that.

MR. GALLOWAY: Otherwise, you'll be deemed to have joined.

OBJECTION, Irrelevant vague + ambiguous, foundation, incomplete hypothetical

Δ

π

W